STOULIG, Judge
(dissenting).
I respectfully dissent. I would concur in the majority opinion were I satisfied that the injury did aggravate a pre-existing degenerative narrowing of the intra-vertebral disc spaces. In my opinion the proof adduced falls far short of establishing this medical fact by a preponderance of evidence.
A review of the expert medical evidence most favorable to the plaintiff on this aspect of her injuries is so indefinite that it must be characterized as speculative and conjectural. It appears that her doctors assumed since a degenerative disc condition existed at the time of the accident it of necessity had to be aggravated by the traume. Yet a comparison of the X-rays made seven months later with those taken immediately after the accident reflected no significant changes in the disc spaces or osteophyte formation.
According to the plaintiff’s physician, an orthopedist, Mrs. Prattini sustained an acute cervical strain. She was under medical care from October 23, 1969 to June 5, 1970, however, only a total of 14 office visits were involved. Plaintiff wore a cervical collar for one week. She received physical therapy, which included routine traction, approximately three times weekly from December 22, 1969 to March 16, 1970 at the New Orleans Physical Therapy Clinic. It should be noted that during the period in which Mrs. Prattini was receiving physical therapy she resumed her twice weekly bowling activities on January 23, 1970 (approximately three months after the accident and five months before her medical discharge).
*189 Defendants presented Dr. Richard Faust, a general surgeon, who examined plaintiff on the day following the accident. He found no evidence of muscle spasms in the cervical area nor restriction of motion in the neck. He concluded that no cervical pathology was involved. These findings place at issue whether the plaintiff did actually suffer a cervical strain and further whether her pre-existing degenerative cervical disc condition had in fact been aggravated. Unquestionably an injury was sustained, however, in my opinion, the plaintiff’s medical testimony was insufficient to preponderate in favor of the finding that an aggravation did occur.
For the foregoing reasons I am of the opinion that the award of the trial court is excessive and should be reduced 'to $5,892.-05, including specials.